STATE OF MISSOURI, to use of PUBLIC SCHOOLS OF CAPE GIRARDEAU COUNTY, v. ALT et al.

(Circuit Court, E. D. Missouri, E. D. April 14, 1892.)

REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—NOMINAL PARTIES.

An action by a county school board against an alien to cancel, for the benefit of the public schools, a deed to certain swamp lands, made by the county commissioner, was brought, by permission of a statute, in the name of the state of Missouri. The ground alleged was that the deed was invalid for want of a seal, and the county was made a defendant because it refused to join as a complainant. *Held*, that both the state and the county were merely nominal parties, and the alien defendant was entitled to remove the cause.

This was a bill in the name of the state of Missouri, in behalf of, and to the use of, the public schools of Cape Girardeau county, against William John Alt and Cape Girardeau county, to procure the cancellation of a deed. The cause was removed by defendant from a state court, and is now heard on motion to remand.

THAYER, District Judge (orally).   In a case removed to this court from the circuit court of Cape Girardeau county, I find a motion to remand to the state court.  The motion is general.  It does not assign any reason why the cause should be remanded, except the general reason that this court has no jurisdiction.  The motion was not argued orally, no brief has been filed, and, in deciding it, I am compelled to strike in the dark.  I observe that the case is entitled, "The State of Missouri, in Behalf of, and to the Use of, the Public Schools of Cape Girardeau County, against William John Alt and Cape Girardeau County;" and it has occurred to me that the motion to remand may have been filed upon the theory that this court has no jurisdiction because the state of Missouri is a party.  If that is the view entertained by the complainant's attorney, it is untenable, for the reason that the state of Missouri, as the record in the case discloses, is not the real complainant.  The action is brought by the board of education for the benefit of the public schools of Cape Girardeau county, and it is brought in the name of the state, under a state law (section 8040, Rev. St. Mo. 1889) which permits the board to bring actions in the name of the state in all suits affecting swamp lands to which the board lays claim in behalf of the public schools of the county.  The real complainant in the case is a quasi corporation, called the "Board of Education."  The state is merely a nominal party.  The fact that it is made a party, pursuant to the provisions of the statute above referred to, does not make it a suit by or against the state, in any such sense as to deprive the federal courts of jurisdiction of the controversy.

It has further occurred to the court that the motion to remand may have been filed because one of the defendants (Cape Girardeau county) is a municipal corporation of this state.  Under the circumstances, I do not think that that fact deprives the federal courts of jurisdiction of the controversy.  The other defendant, William John Alt, is a citizen of the kingdom of Great Britain and Ireland.  The bill alleges that some time in the year 1873 the county commissioner of Cape Girardeau county conveyed to William John Alt an extensive tract of swamp land, lying in Cape Girardeau county, which, under the laws of the state, belonged to the public schools of the county; that the deed bore no seal, and therefore conveyed no title; and, furthermore, that the conveyance was made without a sufficient consideration.  It is further averred that Alt went into the possession of the lands, and has cut off much valuable timber.  In view of the premises, the complainant asks to have the commissioner's deed canceled as a cloud upon its title, and to have an account taken of the value of the timber appropriated by the defendant Alt, and a decree entered against him for the value of the timber so appropriated.  Inasmuch as the suit is brought to have a deed declared to be invalid for want of a seal, it would seem that the only necessary parties to the controversy are the board of education and William John Alt.  Cape Girardeau county is not a necessary party defendant, so far as the settlement of the present controversy in concerned.  I judge, from one of the averments of the bill, that complainant's solicitor considered Cape Girardeau county

a necessary party plaintiff, but not a necessary party defendant, because it is averred that Cape Girardeau county is made a defendant because it has refused to join in the suit as a party complainant. In my judgment, the county may be left out of the controversy. The real question to be determined in this case is whether the commissioner's deed, under which Alt claims title, should be canceled and annulled. The only necessary parties to the settlement of that controversy, as before stated, are the board of education and the defendant Alt, who is an alien. The record discloses no reason why the case should be remanded to the state court, and the motion to remand is therefore overruled.